By the Court.

The return of the sheriff upon Saunders’s execution was not sufficient to pass the equity of redemption; nor can paroi evidence be admitted to amend it. Where the law requires the return of an officer to be in writing, the whole of the return must be in writing, (a)
„ On the other point, arising upon the report of the judge, viz., whether the mortgage of Bernard Davis to Wheeler was discharged by the recognizance taken in lieu of the note, it is our opinion that the recognizance had not that operation. The "mortgage and the note were .two distinct securities. Nothing but payment of the debt will discharge the mortgage. This position is grounded on the words of the condition of the mortgage, which always are, that if the money be paid, then the note or bond, as well as the mortgage deed, shall be void; and, otherwise, both shall remain in full force.
*224 By the terms of the contract, nothing but payment is to avoid it The verdict, in this case, is to be set aside, and a general verdict entered for the tenant. (b)

 [In Sawyer vs. Ingersol, (2 Pick. 280,) tlie Court considered it as unsettled, whether, if no return was ever made, the purchaser could maintain his title, or not, by showing that the sale was duly made. As to the effect of a return, made after the sheriff is dead, or out of office, see Welsh vs. Joy, (13 Pick. 477,) and Sawyer vs. Inger sol, (ubi sup.) —Ed.]

6) [Commercial Bank vs. Cunningham & Al., 24 Pick. 270. — Ed.]